## PATRICK MORRISON AND JAMES LYONS, PLAINTIFFS, *v.* THE MENHADEN COMPANY, DEFENDANT.

*Receiver of a corporation — power of the court to cure an omission to give notice to the attorney general, by directing an order to be entered* nunc pro tunc — *property in custody of a United States Court is not subject to levy — a general judgment creditor of a corporation is not entitled to notice of a motion for the appointment of a receiver thereof.*

On May 9, 1883, one Metzger recovered a judgment against the defendant, a corporation, and on the same day issued an execution thereon to the sheriff, who made a levy upon certain vessels belonging to the corporation, which were then in the custody of the marshal of the eastern district of New York under proceedings instituted for the enforcement of maritime demands, under which proceedings the vessels were subsequently sold and a surplus paid into the United States District Court.

In this action, brought by the above named plaintiffs under section 1784 of the Code of Civil Procedure to sequestrate the property of the defendant, one Hobbs was appointed a temporary receiver by an order made on May 21, 1883, and on June 11, 1883, upon the default of the company, a final decree was made appointing him a permanent receiver thereof. No notice of these proceedings was given to the attorney general, as required by chapter 378 of 1883, which took effect May 11, 1883. In April, 1884, upon due notice being given to the attorney general, an order was entered providing for Hobbs' appointment as receiver *nunc pro tunc* on the notice so served.

Upon a motion by Metzger to vacate the order appointing the receiver:

*Held,* that without deciding whether or not a jurisdictional defect could be cured by an amendatory order, that the order made in this case had the effect from its date of making valid the appointment of the receiver.

That as the vessels were within the jurisdiction and authority of the United States District Court at the time the execution was issued, they were not the subject of seizure and levy; and that as Metzger acquired no lien thereon he was not entitled to notice of the motion for the appointment of a receiver.

APPEAL by Moses Metzger, from an order denying a motion to vacate or set aside the appointment of a receiver of the property of the defendant.

Metzger obtained a judgment against the said corporation on the 9th day of May, 1883, and on the same day issued execution against the property of The Menhaden Company to the sheriff of the county of New York, who thereafter made a levy on certain property of said corporation, consisting of certain steam vessels or steam fishing boats. Subsequently thereto and on the 21st day of May, 1883, the plaintiffs obtained an order in this action, brought under section 1784 of the Code of Civil Procedure, appointing one Edward H. Hobbs as temporary receiver, and thereafter, and on the 11th day of June, 1883, the plaintiffs entered judgment herein by default, making the said temporary receiver permanent; no notice of such application either for temporary or permanent receiver was ever served upon Metzger, the appellant and judgment creditor, and no notice of the application for the appointment of the receiver or of the dissolution of said corporation, or for the distribution of its assets was ever given to the attorney general of this State, as required by chapter 378 of the Laws of 1883, which took effect May 11, 1883. About one year after the appointment of the receiver, and the judgment making said receiver permanent, to wit, on April 7, 1884, an order to show cause was granted, requiring the attorney general to show cause, if any, why the proceedings and the order appointing the receiver and said alleged judgment by default should not be confirmed and entered *nunc pro tunc*, and on the 23d day of April, 1884, an order purporting to confirm the previous proceedings in said action was made and entered. No notice of the original application for the appointment of the receiver or for the subsequent orders obtained *nunc pro tunc*, confirming said proceedings was ever served on the appellant or his attorney.

*Bernard Metzger*, for Moses Metzger, appellant.

*Merritt E. Haviland*, for the receiver of defendant.

DANIELS, J.:

The application was made on the ground that the requirements of chapter 378 of the Laws of 1883, had not been complied with in the proceedings in which the receiver was appointed. But it appeared that notice of the application for the appointment of the

receiver, together with a copy of the judgment, were subsequently served upon the attorney general, and an order was thereupon made by the court providing *nunc pro tunc* for his appointment on the notice so served. It is not necessary to hold that such an order could be regularly made, where its object is not to correct a mere irregularity, but to supply a jurisdictional defect, for this order from the time when it was made, had the effect of making a valid appointment of the receiver, and from that time certainly authorizing him to exercise his functions as such an officer.

That was done before any proceedings were taken on behalf of the applicant to set aside the appointment of the receiver. It has been supposed that this order was without effect as long as no notice of the application was given to this judgment creditor or his attorney. But at the time when the judgment of the applicant was recovered against the defendant, and his execution was issued upon it, the property of the company, which, according to the affidavits, consisted of vessels, was in the custody of the marshal of the eastern district of New York, under proceedings taken for the enforcement of maritime demands, and under those proceedings the vessels were sold and a surplus realized which was paid into the United States District Court, and by its order afterwards paid over to the receiver. This custody of the property of the defendant prevented its seizure under the execution of the applicant. It was wholly within the jurisdiction and authority of the United States District Court, and was not the subject of seizure and levy under his execution. (*Freeman* v. *Howe*, 24 How. [U. S.], 451; *The Lottawanna*, 20 Wall., 201; *Covell* v. *Heyman*, 111 U. S., 176.) The applicant accordingly acquired no lien upon or interest in the defendant's property entitling him to notice of the application to legalize and continue the receivership. As a mere judgment creditor having no lien upon the defendant's property notice of the application was not required to be given to him, and that was the extent of his relation to the defendant's property. He has not been in a condition to question the legality or regularity under which the receiver was appointed. Neither did he, in any form, acquire any such interest in the debtor's property as entitled him to payment out of it, or out of its proceeds, in preference to the rights of other creditors. His remedy was not an application to vacate the order appointing the receiver, but it was

that of an application for payment of his demand according to its legal priority out of the proceeds of the defendant's property, either while they were in the custody of the District Court, or after they passed into the possession of the receiver. (*Krippendorf* v. *Hyde*, 110 U. S., 276.)

The order was entirely correct and it should be affirmed, with ten dollars costs besides the disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.